UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUCIANA BAKER,<br><br>Plaintiff,<br><br>v.<br><br>THE HARTFORD LIFE INSURANCE COMPANY and BLOOMBERG, LP – NEW YORK, ADMINISTRATOR OF THE BLOOMBERG LP LONG-TERM DISABILITY PLAN<br><br>Defendants. | Filed Electronically<br><br>CIVIL ACTION NO. 3:08-cv-6382 (FLW) (TJB)<br><br>**RECEIVED**<br><br>**AUG 1 2 2009**<br>AT 8:30_____M<br>WILLIAM T. WALSH<br>CLERK |

## CONFIDENTIALITY AGREEMENT

**WHEREAS**, the parties hereto have stipulated to the signing and entry of this Order for the Protection and Exchange of Confidential Information ("Confidentiality Order" or "Order"), and for good cause shown,

IT IS HEREBY ORDERED:

1. The term "document" or "documents" is used herein in the broadest sense to mean all documents, writings and things, including, without limitation, interrogatory responses, deposition transcripts, exhibits and other discovery materials, whether printed, recorded or reproduced by any other mechanical or electronic process, or written or produced by hand.

2. "Litigation" as used herein means the above-captioned civil action and any other civil litigation, pending in any court, involving Plaintiff Luciana Baker and Defendant Hartford Life and Accident Insurance Company, incorrectly identified in the caption as The Hartford Life Insurance Company.


...


3. "Confidential" documents as used herein means documents that the producing party in good faith designates as "Confidential" at the time of production by means of a listing of the production numbers appearing on such documents or by means of a "Confidential" stamp or legend placed on such documents. Notwithstanding the foregoing, a producing party's inadvertent failure to designate a document "Confidential" in accordance with the terms of this Order will not preclude a later designation to the extent that confidential treatment can still be obtained without undue burden or expense on any party to the Litigation.

4. All Confidential documents, as defined herein, produced by any party or non-party in the Litigation shall be used by any party receiving or reviewing them only for the purpose of preparing for and conducting the Litigation.

5. Confidential documents, or information derived therefrom, may only be disclosed or made available by the party receiving such information to "Qualified Persons," who consist of:

    a. the Court (in the manner provided by paragraph 11 hereof);

    b. outside or in-house counsel to the parties to the Litigation, and clerical, secretarial and paralegal staff employed by such counsel;

    c. clerical or ministerial service providers, such as outside copying or litigation support personnel, retained by the parties or counsel;

    d. court reporters;

    e. experts or consultants and their staff assisting in the Litigation who are not otherwise employed by any party to the Litigation, and the party receiving such information shall keep a list of the names of these individuals;

  f. all individuals who are named parties and the officers, employees and affiliates of corporate named parties who are assisting in the prosecution or defense of the Litigation or who will be responsible for making decisions with respect to the Litigation; and

  g. any other person the producing party agrees to in writing.

6. Confidential documents shall not be disclosed to persons other than Qualified Persons and no action shall be taken (other than in connection with this Litigation) on the basis of any Confidential documents by the party receiving them. Nothing contained herein shall prevent any party from using or disclosing its own Confidential documents or information as it deems appropriate.

7. Prior to seeing or receiving Confidential documents, all persons specified in paragraphs 5(e) and 5(g) will execute an Agreement to be Bound by Order in the form of Exhibit A attached hereto.

8. Testimony given at a deposition may be designated "Confidential" by an appropriate statement at the time of the giving of such testimony, or a party may designate portions of depositions as "Confidential" after transcription, provided written notice of such designation is given to all parties within seven days after receipt of the transcript of the proceedings, during which period all deposition transcripts shall be treated as "Confidential."

9. Nothing herein shall require disclosure of any documents or information that counsel contends are protected from disclosure by the attorney-client privilege, work-product doctrine or any other legally recognized privilege.

10. The inadvertent production of any documents during the Litigation shall be without prejudice to any claim that such material is privileged under the attorney-client privilege, work-product doctrine or any other legally recognized privilege, and no party shall be

held to have waived any rights by such inadvertent production. Upon written request by the inadvertently producing party, the receiving party shall (a) return the original and all copies of such documents and (b) shall not use such information for any purpose unless allowed by Order of the Court. No party shall be precluded from arguing that it would be prejudiced if it were (a) forced to return material to the inadvertently producing party, or (b) precluded from utilizing such inadvertently produced materials in the Litigation.

11. If any Confidential documents (including portions thereof or information derived therefrom) are to be filed with the Court, such documents shall be filed in sealed envelopes or other appropriate sealed containers and marked with the caption of the Litigation and a statement substantially in the following form:

*[handwritten annotation: a Motion to Seal must be filed pursuant to L Cv R 5.3(c) and if Granted]*

> CONFIDENTIAL FILED UNDER SEAL PURSUANT TO A
> PROTECTIVE ORDER, DATED Aug 11, 2009,
> GOVERNING CONFIDENTIALITY OF DOCUMENTS AND
> INFORMATION OBTAINED DURING THE COURSE OF THIS
> LITIGATION.
>
> THIS ENVELOPE IS NOT TO BE OPENED NOR THE
> CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT
> BY OR TO QUALIFIED PERSONS OR BY COURT ORDER.

All such materials so filed shall be kept under seal by the Clerk of the Court separate from public records in the Litigation and shall be released only upon further Court Order.

12. Upon written request, within sixty days after the conclusion of the Litigation, all Confidential documents and any copies thereof, and all documents containing information derived therefrom, shall be returned. In the alternative, the parties and their attorneys of record may provide affidavits stating under oath that all Confidential documents, including any and all copies thereof, have been destroyed, shredded or otherwise rendered completely and entirely illegible. Attorney work product and briefs, pleadings, written discovery responses, transcriptions of testimony and other Court papers prepared for use in the Litigation

need not be returned or destroyed, but shall be kept Confidential by counsel for the parties and remain subject to the restrictions herein.

13. Each Qualified Person who is not a lawyer representing the parties to the Litigation or employed by a lawyer representing the parties to the Litigation to whom Confidential documents are disclosed pursuant to this Order shall be advised that the Confidential documents are being disclosed pursuant to, and subject to the terms of, this Order.

14. If Confidential documents or information derived therefrom in the possession of a receiving party is subpoenaed by any court, administrative or legislative body, or any other person purporting to have authority to subpoena such information, the party to whom the subpoena is directed shall give written notice of the subpoena (including delivery of a copy thereof) to the attorneys for the producing party not less than five business days prior to the time when production of the information is requested by the subpoena. In the event that the subpoena purports to require production of such Confidential documents or information derived therefrom on less than five days' notice, the party to whom the subpoena is directed shall give immediate telephonic notice of the receipt of such subpoena, and forthwith deliver by hand or facsimile a copy thereof, to the attorneys for the producing party. Absent a court order to the contrary, the party to whom the subpoena is directed may comply therewith; however, if application for a protective order is made promptly before the return date, the party to whom the subpoena is directed shall not produce such Confidential documents or information derived therefrom prior to receiving a court order or the consent of the producing party. For purposes of this section, "subpoena" includes a "notice to produce" and its equivalent.

15. Designation of any document as "Confidential" shall not preclude any party from contending that a designated document or transcript does not qualify for confidential

treatment under the Federal Rules of Civil Procedure or other applicable law, or that confidential treatment is not warranted, shall not create any presumption that documents and transcripts so designated are confidential, and shall not shift the burden of establishing entitlement to confidential treatment. If any party objects to the designation of any document as Confidential, the party shall state the objection with particularity by letter to counsel for the party making the designation. If the parties are unable to resolve the objection, the designating party may move the Court to have the document deemed to be Confidential under the terms of this Order within fifteen (15) days of the objection. Until the Court rules on any such motion, the document shall continue to be deemed Confidential under the terms of this Order. If no motion is made, the designation will be deemed withdrawn as to the document subject to the objection. A party designating documents as Confidential bears the burden of persuading the Court that any document is entitled to the protections afforded to Confidential documents under this Order. The failure to make a timely objection shall not be deemed a waiver of any right to object to the designation of any document as Confidential.

16.  This Order shall be applicable to discovery provided by any third-party witnesses or other parties in the Litigation who agree in writing to be subject to and bound by the terms of this Order.

17.  The binding effect of this Order shall survive termination of the Litigation and the Court shall retain jurisdiction to enforce the Order.

18.  This Order shall be governed by, construed, and interpreted in accordance with the laws of the State of New Jersey. The parties shall submit to the jurisdiction of this Court for the purpose of enforcement of the terms and conditions of this Order, as well as any action based upon any breach of this Order by any of the parties.

19. The parties agree to be bound by the terms of this Order pending the entry by the Court of this Order, or an alternative thereto which is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if this Order had been entered by the Court.

20. The parties have shown good cause for issuance of this Order. The court records must be sealed so as to prevent the dissemination of highly confidential corporate information, including contractual and financial matters, and highly confidential medical information, which may result in substantial economic or personal harm to the parties.

21. This Order may be modified by the Court upon application of any party.

BY THE COURT:

Date: August 11, 2009

TONIANNE J. BONGIOVANNI
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

### AGREEMENT TO BE BOUND BY ORDER

I have read the Order for the Protection and Exchange of Confidential Information (the "Order") in the above-captioned case. I understand the terms of the Order, I agree to be fully bound by the terms of the Order and I hereby submit to the jurisdiction of the United States District Court for the District of New Jersey for purposes of enforcement of the Order.

Date: _____

_____
Signature

Signatory's Name, Business Affiliation, and Business Address:

_____

_____

_____

Signatory's Residence Address:

_____

_____

_____